SETH L. JENKINS et al., appellants,

*v.*

THE GUARANTEE TRUST AND SAFE DEPOSIT COMPANY,
trustees &c. et al., respondents.

1. An appeal will not be entertained from a decree of the court of chancery, made in accordance with instructions contained in a *remittitur* from this court.

2. If such decree is erroneous, the party injured thereby suffers by reason of the mistaken conclusion reached by this court, and his remedy is by petition for a rehearing of the original appeal.

On appeal from a decree in *Guarantee Trust and Safe Deposit Co.* v. *Maxwell*, dated January 13th, 1896, advised by Vice-Chancellor Pitney.

*Mr. Edward Dudley, Mr. William H. Burnett* and *Mr. John Sparhawk, Jr.* (of the Philadelphia bar), for the appellants.

*Mr. Samuel H. Grey,* for the respondents.

The opinion of the court was delivered by-

GUMMERE, J.

This is an appeal from a decree of the court of chancery upon a *remittitur* from this court. The bill was filed by the Guarantee Trust and Safe Deposit Company, executors of and trustees under the will of Margaret K. Maxwell (who, at the time of her death, was a resident of and domiciled in the State of Pennsylvania), for the purpose of ascertaining, by judicial decision, whether or not a legacy of $5,000, given by the will to the Presbyterian Hospital, of Philadelphia, and directed thereby to be paid out of the proceeds of the sale of certain lands in New Jersey, was a valid bequest. The court of chancery having determined, by its decree, that the bequest was valid, an appeal was taken from that decree. This court, on the hearing of the

appeal, reached the conclusion that the validity of the bequest was to be determined by the laws of Pennsylvania; and that, as the testatrix had died less than thirty days after the execution of her will, the bequest was void by virtue of the provision of the Pennsylvania statute of mortmain, and that it must, consequently, fall into the residuary estate of the testatrix and be distributed therewith. *Jenkins* v. *Guarantee Trust &c. Co., 8 Dick. Ch. Rep. 194.* The record in the case was thereupon remitted to the court of chancery, with an order that a decree be there entered in accordance with the conclusions reached by this court. In pursuance of the mandate of the *remittitur*, the court of chancery made the following decree: "And it is further ordered, adjudged and decreed that the legacy of $5,000, to the Presbyterian Hospital, contained in the will of Margaret K. Maxwell, declared to be void by the court of errors and appeals in this cause, be for nothing holden and shall fall into the residuary estate of the said Margaret K. Maxwell, and be distributed therewith." From this decree the present appeal is taken.

It will be perceived that the decree now appealed from was entered in exact compliance with the instruction of this court; and that, in order to sustain the appeal, we must declare that it was error in the court below not to have disregarded that instruction. Such a proposition carries with it its own refutation. If the decree now before us wrongly determines the rights of the parties, it is because of the erroneous conclusion reached by this court, and our instruction to the court of chancery based thereon. For such an error this court alone is responsible, and alone can correct it. And the only method by which relief from such an error can be obtained is by petition to this court for a rehearing. To say that a decree of the court of chancery, entered in conformity to the mandate of this court, can be reversed on appeal, is tantamount to saying that that court is at liberty to set at naught our instructions, and to make a decree in accordance with its own views, whenever it is convinced that the conclusions reached by us are erroneous.

The appeal should be dismissed, with costs.

*For dismissal* — THE CHIEF-JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON—13.

*Contra*—None.